**E-FILED on** 1/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>EUDORO RODRIGUEZ-CHACON,<br><br>   Defendant. | No. CR 09-0431 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS INFORMATION<br><br>**[Re Docket No. 14]** |

Defendant Eudoro Rodriguez-Chacon, through his appointed federal public defender, seeks to dismiss the charge pending against him, illegal reentry after deportation from the United States in violation of 8 U.S.C. § 1326. Defendant claims that his prior deportation cannot serve as a predicate for the current charge against him because it was fundamentally flawed. Defendant claims that those fundamental flaws were that he was not advised of: (1) the availability of the withholding of removal; (2) the importance of obtaining counsel in his case; and (3) the option to request a transfer of venue.

### I. Standard for Collateral Attack on Prior Deportation

To prevail on a collateral attack on a prior deportation, however, a defendant must show not only that those proceedings were fundamentally flawed but that he was prejudiced by the errors in those proceedings. *United States v. Proa-Tovas*, 975 F.2d 592, 595 (9th Cir. 1992). To show

prejudice a defendant needs to prove that he had plausible grounds for relief from deportation. *United States v. Pallares-Gilan*, 359 F.3d 1088, 1102 (9th Cir. 2004). Here, defendant claims he was prejudiced because he had plausible grounds for the withholding of removal because of his mental impairments. The court will discuss only the prejudice issue since it finds that issue dispositive.

## II. Lack of Prejudice

An alien qualifies for the withholding of removal if he demonstrates that: (1) he fits within one of the specified protected grounds set forth in 8 U.S.C. § 1231(b)(3); (2) it is more likely than not that his life or freedom would be threatened based on his membership in a protected group if he were returned to his home country; and (3) he is not disqualified from eligibility based on one of the exceptions set forth in 8 U.S.C. § 1231(b)(3)(B). Defendant asserts that he at least had a plausible basis for claiming that he met the requirements for the withholding of removal.

### A. Lack of Membership in a Social Group

Section 1231(b)(3)(A) provides that "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, ***membership in a particular social group***, or political opinion." (Emphasis added). Defendant submits that he is a member of a particular social group, namely a group composed of "the class of individuals with mental impairments who would be isolated from society and warehoused in inhumane conditions if ordered returned to Mexico." Def.'s Reply, p. 6:16-18. Although there is no Ninth Circuit case expressly holding that such a group of those with chronic mental disabilities could be considered "a particular social group," defendant suggests that since the Ninth Circuit has found "all alien homosexuals are members of a 'particular social group,' " it would similarly find a group composed of those with chronic mental disabilities to be a "particular social group." Defendant further points to *Tchoukhrova v. Gonzales*, 404 F.3d 1181 (9th Cir. 2005), *reversed by Gonzales v. Tchoukhrova*, 549 U.S. 801 (2006), and the unpublished opinion in *Rocca v. Mukasey*, 295 Fed.Appx. 191 (9th Cir. 2008), as supporting his view.

In *Tchoukhrova* the court held that Russian children with disabilities that are serious and long-lasting qualify as a "particular social group" making them eligible for the grant of asylum. "Because disability constitutes precisely the sort of immutable characteristic that an individual cannot change, as contemplated by our law, we have no trouble concluding that persons with disabilities can constitute a particular social group for purposes of asylum and withholding of removal law." 404 F.3d at 1189.  The plaintiff child seeking asylum in *Tchoukhrova* had infantile cerebral paralysis, had his neck broken when the hospital personnel tried to forcibly remove him from his mother's body, was initially thrown into a container holding abortion and other medical waste and, once diagnosed with infantile cerebral paralysis, was permanently labeled as disabled and banned rom receiving any public medical support.  Although the court did not define "serious and long-lasting," the court was dealing with a child and a far more serious disability than involved in the instant case.  The Supreme Court vacated the judgment in *Tchoukhrova* and remanded the case to the Ninth Circuit for remand to the BIA because it was for the BIA, not the court of appeal *de novo*, to consider asylum based upon membership in a particular social group.

In *Rocca*, the court of appeal merely remanded asylum and withholding of removal claims to the BIA so the BIA could address them in the first instance.  The court expressed no opinion on the issue of whether Peruvians with serious, chronic mental disabilities constitute "a particular social group" for asylum and withholding of removal purposes.

The court does not find that defendant has established plausible grounds for believing that he was a member of a "particular social group" falling within the contemplation of § 1231(b)(3)(A). The cases defendant cites reflect narrower, more discrete groups and more serious, defined disabilities.  What has been shown about defendant is that he is apparently mildly retarded which may result from substance abuse and/or a head injury he suffered as a child.  He has not been diagnosed with any mental illness but apparently has a personality disorder with antisocial and narcissistic traits.  He did poorly in school.  These characteristics do not show membership in a "particular social group."

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INFORMATION—No. CR 09-0431 RMW
TER                                                                                  3

### B. Loss of Life or Freedom Has Not Been Shown To Be More Likely Than Not

Defendant has shown that studies published in 2000-2002 reflect that individuals with serious mental health illnesses are likely to face loss of life or freedom in Mexico. These studies suggest that mental health care in Mexico at least in the early 2000s was poor and that those institutionalized suffered serious human abuses and did not receive needed care in many facilities. What is lacking in defendant's showing, however, is that a person with defendant's characteristics in Mexico would be treated in same way that persons with mental health illnesses are treated there. The example that defendant provides concerning a case handled by an attorney named Katarina Rost where she successfully got her client's removal withheld involved an individual with schizophrenia, unlike defendant who has not been diagnosed with any mental illness. Defendant has not persuaded the court that defendant had a plausible basis on which to successfully contend that his life or freedom would be threatened, if returned to Mexico, based upon his cognitive limitations. Obviously, if defendant abused substances his freedom might be threatened but that would not be because of membership in any social group.

### III. Order

Defendant's motion to dismiss is denied because he has not shown that he was prejudiced by any fundamental flaws that may have occurred in his prior deportation proceeding.

DATED:     1/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INFORMATION—No. CR 09-0431 RMW
TER                                               4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Steven Erik Seitz**
Email: steven.seitz@usdoj.gov

**Counsel for Defendants:**

**Lara Suzanne Vinnard**
Email: lara_vinnard@fd.org

**Dated:**   1/8/10                              TER
                                         **Chambers of Judge Whyte**